**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**

**JOHN DOE,**

***Plaintiff,***

**Case No:**

**v.**

**UNIVERSITY OF NOTRE DAME,**

***Defendant.***

---

## INTRODUCTION

This action arises from Defendant the University of Notre Dame's decision to permanently dismiss Plaintiff and refuse to confer Plaintiff's Bachelor of Arts degree in Political Science, even though Plaintiff completed all academic requirements for graduation. Notre Dame's actions deprived Plaintiff of the earned benefit of his education and were imposed through a process that, as outlined below, disregarded Notre Dame's own published policies and resulted in a grossly disproportionate sanction.

## PARTIES

1. Plaintiff John Doe is a resident of the State of Florida.

2. Defendant University of Notre Dame ("Notre Dame") is a private educational institution formed under the laws of Indiana with a principal place of business in Notre Dame, Indiana.

## **JURISDICTION & VENUE**

3. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which provides district courts with jurisdiction over civil actions arising under the United States Constitution or laws of the United States.

4. This Court also has subject matter jurisdiction pursuant to 28 USCS § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs

5. Defendant Notre Dame conducts business within the State of Indiana.

6. Venue in this action is properly in the Northern District of Indiana because the events relevant to this action occurred primarily within the geographical confines of the Northern District of Indiana.

## **FACTUAL ALLEGATIONS**

7. Plaintiff was a student at the University of Notre Dame who completed all academic requirements for a Bachelor of Arts degree in Political Science.

8. On April 26, 2024, Plaintiff was charged with one count of felony voyeurism and one count of felony public voyeurism relating to incidents involving his roommate.

9. On May 2, 2024, Notre Dame dismissed Plaintiff and withheld his degree based on these felony charges, citing the University's right to take summary action and dismiss a student charged with a felony.

10. Plaintiff admitted to taking photos of his roommate without consent but denied allegations of inappropriate touching.

11. Plaintiff explained that his actions stemmed from struggles with his sexual identity and mental health issues, for which he was actively seeking counseling and treatment.

12. On November 27, 2024, after a hearing, Notre Dame found Plaintiff responsible for Sexual Harassment and Other Sex-Based Misconduct but explicitly declined to find him responsible for Fondling.

13. The University imposed permanent dismissal and denied conferral of Plaintiff’s degree despite his having completed all academic requirements for graduation.

14. Plaintiff was ultimately convicted of a misdemeanor rather than a felony in the criminal court system.

15. The court imposed no punishment beyond the conviction, acknowledging that the incident did not warrant further criminal consequences.

16. Despite the reduction to a misdemeanor conviction, Notre Dame maintained its decision to permanently dismiss Plaintiff and withhold his degree.

17. The University's investigation of Plaintiff spanned over nine months, far exceeding the University's stated 60-day resolution policy.

18. Notre Dame failed to provide Plaintiff an adequate advisor during the initial interview process.

19. Plaintiff requested an advisor to meet with him to discuss the process and the best way to handle the interview, but the assigned advisor never responded. Plaintiff therefore attended the first meeting without a meaningful understanding of the process and its potential ramifications.

20. Plaintiff has no prior disciplinary or criminal history, fully acknowledged his conduct, and expressed sincere remorse.

21. Plaintiff has actively participated in counseling and demonstrated a willingness to engage in corrective action to address his mental health issues and prevent similar behavior in the future.

22. The University Hearing Board found no evidence that Plaintiff intended to harm or intimidate the complainant.

23. Evidence suggests that the University has imposed significantly lesser sanctions for conduct more severe than Plaintiff's in other cases.

## CAUSES OF ACTION

### FIRST COUNT – BREACH OF CONTRACT
### (against Defendant University of Notre Dame)

24. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

25. A valid contract existed between Plaintiff and Defendant.

26. Plaintiff had a contractual relationship with Defendant based on his enrollment and payment of tuition.

27. Defendant's policies and procedures, including those for disciplinary proceedings, form part of this contract.

28. Plaintiff performed his obligations under the contract.

29. Plaintiff fulfilled his academic obligations by completing all requirements for graduation.

30. Defendant breached the contract.

31. Defendant breached the contract by failing to follow its own procedures, including the 60-day resolution policy (the investigation spanned over nine months) and the requirement to provide adequate advisor support.

32. Defendant also breached the contract by imposing a sanction of permanent dismissal and degree denial, that was inconsistent with its stated policies, which reserve such severe sanctions for the most egregious cases.

33. Plaintiff suffered damages as a result of Defendant's breach.

34. As a direct and proximate result of Defendant's breach of contract, Plaintiff has suffered and continues to suffer damages, including but not limited to

the denial of his degree, impediments to his educational and professional advancement, reputational harm, financial hardship, and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Declare that Defendant breached its contract with Plaintiff;

b) Order Defendant to confer Plaintiff's degree;

c) Order Defendant to expunge the dismissal from Plaintiff's record;

d) Award Plaintiff compensatory damages in an amount to be determined at trial; and

e) Grant such other and further relief as the Court deems just and proper.

**SECOND COUNT – ARBITRARY AND CAPRICIOUS DECISION MAKING**
**(against Defendant University of Notre Dame)**

35. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

36. Defendant made a decision affecting Plaintiff's rights.

37. Defendant decided to permanently dismiss Plaintiff and deny his degree, which significantly affected his rights as a student who had completed all academic requirements.

38. Defendant's decision was arbitrary, capricious, and unreasonable.

39. Defendant's decision was arbitrary and capricious because it was based on felony charges that were ultimately reduced to a misdemeanor.

40. Despite this reduction, Defendant maintained its decision to impose the most severe sanction possible.

41. Defendant's sanction is grossly disproportionate in light of the actual conviction (a misdemeanor), Plaintiff's demonstrated accountability, and mitigating personal circumstances.

42. Evidence suggests that Defendant has imposed significantly lesser sanctions for conduct more severe than Plaintiff's in other cases.

43. Defendant's decision caused harm to Plaintiff.

44. As a direct and proximate result of Defendant's arbitrary and capricious decision-making, Plaintiff has suffered and continues to suffer damages, including but not limited to the denial of his degree, impediments to his educational and professional advancement, reputational harm, financial hardship, and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Declare that Defendant's decision to permanently dismiss Plaintiff and deny his degree was arbitrary and capricious;
b) Order Defendant to confer Plaintiff's degree;
c) Order Defendant to expunge the dismissal from Plaintiff's record;

d) Award Plaintiff compensatory damages in an amount to be determined at trial;and

e) Grant such other and further relief as the Court deems just and proper.

**THIRD COUNT – PROMISSORY ESTOPPEL**
**(against Defendant University of Notre Dame)**

45. Plaintiff restates each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set out herein.

46. Defendant made promises to Plaintiff.

47. Defendant promised, through its policies and procedures, that it would follow certain disciplinary processes and impose sanctions proportionate to violations.

48. These promises include a 60-day resolution policy for investigations, the provision of adequate advisor support during the disciplinary process, and the imposition of sanctions proportionate to the violation.

49. Plaintiff reasonably relied on Defendant's promises.

50. Plaintiff reasonably relied on these promises by enrolling at Notre Dame, paying tuition, and completing his academic requirements.

51. Plaintiff's reliance was foreseeable by Defendant.

52. It is reasonable for students to expect the university to follow its own policies and procedures.

53. Plaintiff suffered detriment as a result of his reliance.

54. Despite completing all academic requirements, Plaintiff was denied his degree and permanently dismissed based on a process that did not conform to Defendant's promises.

55. The investigation spanned over nine months, far exceeding the 60-day resolution policy, and Plaintiff was not provided with adequate advisor support during the initial interview process.

56. As a direct and proximate result of Plaintiff's reasonable and detrimental reliance on Defendant's promises, Plaintiff has suffered and continues to suffer damages, including but not limited to the denial of his degree, impediments to his educational and professional advancement, reputational harm, financial hardship, and emotional distress.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court:

a) Declare that Defendant's promises to Plaintiff are enforceable under the doctrine of promissory estoppel;

b) Order Defendant to confer Plaintiff's degree;

c) Order Defendant to expunge the dismissal from Plaintiff's record;

d) Award Plaintiff compensatory damages in an amount to be determined at trial; and

e) Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 26, 2026

Respectfully Submitted,

Keith Altman, Esq.
THE LAW OFFICE OF KEITH ALTMAN
30474 Fox Club Drive
Farmington Hills, Michigan 48331
(248) 987-8929
keithaltman@kaltmanlaw.com