**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JOHN DOE,

  Plaintiff,

    v.         CASE NO. 3:26-CV-149-CCB-SJF

UNIVERSITY OF NOTRE DAME,

  Defendant.

**OPINION and ORDER**

Ripe before the Court is Plaintiff's Motion to Proceed Under a Pseudonym based on the "highly sensitive and personal nature of the underlying allegations" of this case, contending that public disclosure of his identity in connection with them would result in significant harm. [DE 2 at 1, 5]. Defendant has not filed any response to the motion despite being afforded ample time to do so. *See* N.D. Ind. L.R. 7-1(d)(3). Accordingly, the Court can only treat Plaintiff's motion as unopposed.

Defendant's lack of objection does not necessarily allow for summary ruling, however. "The norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* Thus, "the title of the complaint must name all parties" and every action must "be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a); Fed. R. Civ. P. 17(a)(1). "[T]he judge has an independent duty to determine whether exceptional circumstances

justify such a departure from the normal method of proceeding in federal courts." *See*

*Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997).

Courts often consider certain factors when determining "whether a plaintiff's interest in

privacy is so significant as to outweigh the strong presumption favoring public

identification of litigants." *Id.* These factors include consideration of

> (1) whether the plaintiff is challenging governmental activity or an
> individual's actions; (2) whether the plaintiff's action requires disclosure of
> information of the utmost intimacy; (3) whether the action requires
> disclosure of the plaintiff's intention to engage in illegal conduct; (4)
> whether identification would put the plaintiff at risk of suffering physical
> or mental injury; (5) whether the defendant would be prejudiced by
> allowing the plaintiff to proceed anonymously; and (6) the public interest
> in guaranteeing open access to proceedings without denying litigants
> access to the justice system.

*Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *2 (S.D.

Ind. Aug. 7, 2006). In the end, though, unless "exceptional circumstances" apply—

exceptions such as a minor plaintiff, or the substantial risk of retaliation or injury—

plaintiffs cannot proceed anonymously. *See Doe v. Loyola Univ. Chicago, 100 F.4th 910,*

*913 (7th Cir. 2024), reh'g denied, No.* 22-2925, 2024 WL 2818036 (7th Cir. June 3,

2024)(quoting *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019); *Doe 3 v. Elmbrook Sch.*

*Dist.*, 658 F.3d 721-24 (7th Cir. 2011); Fed. R. Civ. P. 5.2(a).

This case arises from Plaintiff's actions when he was a student at the University

of Notre Dame (hereinafter, "Notre Dame"). Plaintiff took photos and videos of his

roommate without his consent. As a result, Plaintiff was charged with one count of

felony voyeurism and one count of felony public voyeurism. Notre Dame subsequently

dismissed Plaintiff and denied conferring him his Bachelor of Arts degree in Political Science, even though Plaintiff completed all academic requirements. Plaintiff now sues Notre Dame for breach of contract, arbitrary and capricious decision making, and promissory estoppel. [DE 1; DE 2-1 at 1].

Plaintiff seeks to proceed anonymously here because this case "will necessarily involve detailed discussion of intimate and sensitive matters related to [] alleged sexual misconduct." [DE 2 at 2]. Plaintiff explains that this case will require him to disclose his "sexual identity, allegations of sexual misconduct [against him], and the University's decision finding Plaintiff responsible for the allegations." [DE 2-1 at 7]. Plaintiff maintains that this is "information of the utmost intimacy" justifying anonymity, directing the Court to four district court cases from other circuits to support his argument: *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009); *Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016); *Doe v. Brandeis*, No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015); and *Doe v. Swarthmore Coll.*, No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014). [*See id.*].

Authority from this Circuit does not allow for the use of a pseudonym under these circumstances, however. Indeed, neither "a desire not to reveal intimate details" nor a "a desire to keep embarrassing information secret" justify the use of a pseudonym. *Doe v. Young*, No. 24-2871, 2025 WL 927320, at *3 (7th Cir. Mar. 27, 2025); *Loyola Univ. Chicago*, 100 F.4th at 913. This specifically includes a plaintiff's desire "to keep the public from learning that [his former university] has found that he committed misconduct" or to protect his reputation. *Loyola Univ. Chicago*, 100 F.4th at 913; *Doe v.*

3

*Trs. of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir.)*, cert. denied sub nom. Doe v. The Trs. of Indiana Univ.*, 145 S. Ct. 546, 220 L. Ed. 2d 204 (2024)(finding that a plaintiff's "asserted interest in protecting his reputation" did not suffice to allow anonymity); *see also Doe v. Univ. of S. Indiana*, 172 F.4th 511, 514 (7th Cir. 2026).

But the Seventh Circuit has "left room to proceed under a pseudonym if a party can show a 'substantial risk of harm—either physical harm or retaliation by third parties, beyond the reaction legitimately attached to the truth of events as determined in court.'" *Univ. of S. Indiana*, 172 F.4th at 514 (quoting *Indiana University*, 101 F.4th at 491.) As to this, Plaintiff maintains that public disclosure of his identity would substantially harm him because it would "permanently" connect his name to allegations of sexual misconduct in the public record.  [DE 2 at 3]. Plaintiff states that he thus has a "reasonable fear that he would suffer retaliatory mental harm, social stigmatization, and reputational injury if he is denied the opportunity to pursue this action without a pseudonym." [DE 2-1 at 8]. Plaintiff again points to district court decisions from other circuits to show that this risk of mental and reputational injury suffices to allow anonymity.

Authority in this circuit, however, does not warrant the same result as the cases relied on by Plaintiff. As to the stigmatization or reputational injury that may occur upon disclosure of Plaintiff's identity, Plaintiff does not state any specific concerns. The Court can only infer that he means that generally "many people prefer to avoid dealing with wrongdoers." *Loyola Univ. Chicago*, 100 F.4th at 913. But, without more, that is merely a "reaction legitimately attached to the truth of events" and thus does not

4

warrant anonymity. *Univ. of S. Indiana*, 172 F4th at 514; *see also Loyola Univ. Chicago*, 100 F.4th at 913. Indeed, the Seventh Circuit has made it clear that "a risk of 'stigmatization from the community and the public at large'" does not justify the use of a pseudonym. *Indiana Univ.*, 101 F.4th at 492; *see also Young,* 2025 WL 92730, at *3.

Plaintiff also alleges that there is a risk of retaliatory mental harm if he is required to reveal his identity. There is no doubt that litigation involving sensitive matters like those forming the basis of Plaintiff's case here "can have devastating consequences[.]" *Univ. of S. Indiana*, 172 F4th at 515. Still, the Seventh Circuit explicitly declined to "broaden [the use of pseudonyms] to protect a party from risks that publicity would harm his mental health." *Id.* In any event, here, the Court cannot find that Plaintiff's conclusory and generalized statements about potential harm to his mental health suffice to overcome the presumption of open proceedings.

In sum, the Court cannot find that Plaintiff has sufficiently shown substantial risks of harm or retaliation, nor has he shown any other extraordinary circumstances that would allow his case to proceed outside the strongly favored norm of public litigation. For these reasons, Plaintiff's Motion to Proceed under a Pseudonym can only be **DENIED**. [DE 2]. Plaintiff is **ORDERED** to file an amended complaint that includes his real name by **July 16, 2026**. In the alternative, Plaintiff may move to dismiss his case voluntarily (or by stipulation) should he wish to keep his name secret. *See, e.g., Univ. of S. Indiana*, 172 F4th at 516.

**SO ORDERED** this 2nd day of July 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge