UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN DOE,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NOTRE DAME DU LAC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 3:26-CV-149-CCB-SJF |

**UNIVERSITY OF NOTRE DAME DU LAC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## Table of Contents


**Page**

I. Introduction ....................................................................................................1

II. Argument ........................................................................................................2

a. Judicial notice is appropriate for the exhibits attached to the Motion to Dismiss, but the Court can choose not to consider them. ......................................2

b. Count Two Fails as a Matter of Law (Arbitrary and Capricious Decision Making Claim). ..........................................................................................3

c. Count One Fails as a Matter of Law (Breach of Contract Claim). ..........................6

i. Doe failed to identify the source of the alleged promises made, or how they were communicated. ..................................................................6

ii. The bad-faith standard applies at the pleading phase, not just merits .......10

iii. The Emergency Actions Policy is not the only policy at issue, though it is the only policy potentially identified by Doe; Notre Dame satisfied its terms. ..............................................................12

d. Doe's promissory estoppel claim still fails as a matter of law (Count Three).......14

e. The Court should disregard additional red herring arguments made in the Opposition. ..........................................................................................15

i. Doe cannot use his Opposition to assert a new constitutional claim. ........15

III. Conclusion ......................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*188 LLC v. Trinity Industries, Inc.*,
300 F.3d 730 (7th Cir. 2002) ....................5, 14

*Allen v. Butler Univ.*,
No. 1:22-cv-01828-SEB-MG, 2024 WL 3637518 (S.D. Ind. Aug. 2, 2024) ....................9

*Amaya v. Brater*,
981 N.E.2d 1235 (Ind. Ct. App. 2013).................... *passim*

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4, 15

*Bee Window, Inc. v. Turman*,
716 N.E.2d 498 (Ind. Ct. App. 1999)....................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Brooks v. Ross*,
578 F.3d 574 (7th Cir. 2009) ....................5

*Chang v. Purdue Univ.*,
985 N.E.2d 35 (Ind. Ct. App. 2013)....................9, 10

*Charleston v. Bd. of Trustees of Univ. of Illinois at Chicago*,
741 F.3d 769 (7th Cir. 2013) ....................7, 12

*CoMentis, Inc. v. Purdue Rsch. Found.*,
765 F. Supp. 2d 1092 (N.D. Ind. 2011) ....................14

*Daniels v. Univ. of Notre Dame*,
No. 3:22-CV-698-RLM-JEM, 2023 WL 12117036 (N.D. Ind. Aug. 25, 2023)............2, 12, 14

*Delisle v. McKendree Univ.*,
73 F.4th 523 (7th Cir. 2023) ....................9

*Doe v. Butler Univ.*,
696 F. Supp. 3d 520 (S.D. Ind. 2023)....................8, 11, 12

*Doe v. Indiana University – Bloomington*,
No. 1:18-CV-03713-TWP-MJD, 2019 WL 341760 (S.D. Ind. Jan. 28, 2019)....................10

*Gash v. Rosalind Franklin Univ.*,
117 F.4th 957 (7th Cir. 2024) ....................12

*Gociman v. Loyola Univ. of Chi.*,
41 F.4th 873 (7th Cir. 2022) ....................8, 9

*Gordon v. Purdue Univ.*,
862 N.E.2d 1244 (Ind. Ct. App. 2007)....................10, 11

*Haldar v. Univ. of Notre Dame Du Lac*,
No. 3:24-CV-836-CCB-SJF, 2025 WL 2773317 (N.D. Ind. Sept. 29, 2025)....................6

*Henson v. CSC Credit Servs.*,
29 F.3d 280 (7th Cir. 1994) ....................3

*Kyle v. Morton High Sch.*,
144 F.3d 448 (7th Cir. 1998) ....................5

*Norwest Bank, N.A. v. Federal Kemper Life Ins. Co.*,
110 F.Supp.2d 774 (N.D. Ind. 2000) ....................14

*Park v. Indiana Univ. Sch. of Dentistry*,
781 F. Supp. 2d 783 (S.D. Ind. 2011) ....................15

*Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*,
845 F.3d 852 (7th Cir. 2017) ....................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
631 F.3d 436 (7th Cir. 2011) ....................4, 15

*Park v. Indiana Univ. Sch. of Dentistry*,
692 F.3d 828 (7th Cir. 2012) ....................11

*Suszka v. Univ. of Notre Dame Du Lac*,
No. 3:25-CV-626-CCB-SJF, 2026 WL 1469560 (N.D. Ind. May 26, 2026) ....................2, 8, 9, 10

*Thomason v. Nachtrieb*,
888 F.2d 1202 (7th Cir. 1989) ....................4

*Thompson v. Trustees of Ind. Univ.*,
No. 1:23-cv-02094-TWP-MKK, 2025 WL 26672 (S.D. Ind. Jan. 3, 2025) ....................7, 11

*Trs. of Indiana Univ. v. Spiegel*,
186 N.E.3d 1151 (Ind. Ct. App. 2022)....................8

**Rules**

Fed. R. Civ. P. 8(a)(2)....................15

Fed. R. Civ. P. 12(b)(6)........................................................................................................ *passim*

Defendant the University of Notre Dame du Lac ("Notre Dame" or the "University") files this Reply Brief in Support of its Motion to Dismiss each claim asserted against it in the Complaint filed by John Doe ("Doe") (ECF 1), and respectfully states as follows:

## I. Introduction

Doe's Opposition to the Motion to Dismiss (ECF 24, the "Opposition") underscores the many reasons why the Complaint is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal is warranted, for several key reasons, including the following.

***First***, the Court may review the exhibits attached to the Motion to Dismiss because they are matters for which the Court may take judicial notice. However, as set forth in Notre Dame's opening brief, to the extent the Court disagrees, Notre Dame requests the Court disregard the exhibits and decline to convert its motion to one for summary judgment. Even without considering the exhibits, Doe nonetheless fails to state a claim.

***Second***, Doe concedes that "arbitrary and capricious decision making" is not a recognized cause of action against a private university, effectively abandoning Count Two. Doe attempts to replead this claim to save it, alleging for the very first time in his Opposition that Count Two is meant to be a claim for breach of the implied covenant of good faith and fair dealing. However, the phrase "implied covenant of good faith and fair dealing" does not appear anywhere in the Complaint, and under well-established authority, Doe cannot use his opposition brief to amend the Complaint with repleaded allegations.

***Third,*** Doe's breach of contract claim (Count One) cannot advance because the claim fails to plead all the required elements. Doe agrees that a viable breach of contract claim against a university must identify "what, if any, promises the university made to [the student]; how these promises were communicated; what [the student] promised in return; or how these promises created an implied contract." (ECF 24 at 8). However, the Complaint fails to allege sufficient facts

to state each of these elements. Most notably absent are any allegations identifying the source of the alleged promises, and how they were communicated. Doe's claim cannot proceed without this.

***Fourth***, the breach of contract claim is subject to the higher standard under Indiana law which requires that Doe show that Notre Dame acted illegally, arbitrarily, capriciously, or in bad faith. As this Court recently acknowledged, this "rule applies to situations involving 'academic discipline and academic achievement.'" *Suszka v. Univ. of Notre Dame du Lac*, No. 3:25-CV-626-CCB-SJF, 2026 WL 1469560, at *6 (N.D. Ind. May 26, 2026) (internal citations omitted). This heightened bad faith standard applies at the pleading phase, and not just at the merits phase like Doe contends.

Moreover, the Emergency Actions Policy is not the only policy that Doe contends the University breached. That is important because this policy lacks any terms related to most of the alleged contractual promises that Doe contends Notre Dame breached. The Complaint is devoid of any allegations relating to Doe applying for readmission, which is a step he would have to take if he actually sought readmission following dismissal. Notre Dame complied with its terms.

***Fifth***, Doe's promissory estoppel claim (Count Three) remains fatally deficient because, among other things, courts applying Indiana law have not recognized such a claim in the student-university context. *See e.g., Daniels v. University of Notre Dame*, 2023 WL 12117036 (N.D. Ind. Aug. 25, 2023). This claim is also duplicative of the breach of contract claim and not pleaded in the alternative.

## II. Argument

### a. Judicial notice is appropriate for the exhibits attached to the Motion to Dismiss, but the Court can choose not to consider them.

Doe cannot put his criminal case at the center of this lawsuit and then object when Notre Dame points the Court to the public docket and pleadings from that case that are subject to judicial

notice.[1] Doe alleges that he was charged with two felonies, that Notre Dame dismissed him and withheld his degree based on those charges, that he was later convicted of a misdemeanor, and that Notre Dame breached an alleged contract with Doe when Notre Dame's investigation of the conduct underlying Doe's felony charges took nine months rather than 60 days. (ECF 1 at ¶¶ 8-9, 14, 17, 31). The public docket and pleadings show that the State's prosecution continued even beyond the conclusion of Notre Dame's investigation—a fact Doe does not dispute in his response[2]—and supports the conclusion that Doe fails to plausibly allege that Notre Dame's investigation was arbitrary, capricious, or made in bad faith. *See Henson v. CSC Credit Servs*., 29 F.3d 280, 284 (7th Cir. 1994) (taking judicial notice of public court documents in ruling on motion to dismiss where claim was based in part on whether a judgment was entered against the plaintiff in a prior state court action).

However, if the Court finds that the exhibits are not subject to judicial notice then, as requested in Notre Dame's opening brief, the Court should decline to convert Notre Dame's motion to one for summary judgment, and disregard the exhibits in ruling on Notre Dame's motion. (*See* ECF 21 at 6 n. 3). Even if the Court disregards the exhibits, Doe fails to plausibly allege that Notre Dame's decision to conduct a nine-month investigation after Doe was charged with two felonies was arbitrary, capricious, or made in bad faith.

**b. Count Two Fails as a Matter of Law (Arbitrary and Capricious Decision Making Claim).**

In Count Two of Doe's Complaint, he asserts a claim for "arbitrary and capricious decision making." (ECF 1 at ¶¶ 35-44). Perhaps recognizing the deficiencies in that claim, Doe now

[1] Doe does not dispute that the Court may take judicial notice of the Emergency Actions Policy.

[2] Notre Dame is not asking the Court to accept every disputed factual assertion in the criminal filings as true, but only to consider undisputed facts, such as the timeline of Doe's criminal proceeding.

attempts to recast Count Two as a claim for breach of the implied covenant of good faith and fair dealing, even though the Complaint contains no allegations supporting that newly asserted theory. This claim must be dismissed for several reasons.

***First***, tellingly, the phrase "breach of the implied covenant of good faith and fair dealing" is absent from the Complaint, not appearing among any of the allegations actually pleaded by Doe. Yet, in Doe's Opposition, he boldly claims that plaintiff "has adequately pleaded a claim for breach of the implied covenant of good faith and fair dealing." (ECF 24 at 14). Doe even concedes that the Complaint's allegations for Count Two do not match the legal theory that he is now trying to advance. *See id.* at 16 ("Even if Count Two's title is not phrased in the precise legal terminology Notre Dame prefers, the substance of the claim is unmistakable…").

Following well-established authority, the Court should deny Doe's attempt to amend the Complaint's pleaded cause of action and related allegations for Count Two through his Opposition, as this tactic is not permitted by the Seventh Circuit. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal."); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) ("[A] plaintiff may not amend his complaint in his response brief.").

***Second***, Doe's Opposition confirms that Count Two fails to satisfy the pleading standards under *Iqbal* and *Twombly* by underscoring that the Complaint's allegations are unclear, thereby failing to "provide grounds of his entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations omitted); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

On the one hand, Doe claims that "the substance of the claim is unmistakable" and on the other hand, contends that Notre Dame "misses the substance of the claim." (ECF 24 at 14, 16). If anything, Doe misses the substance. Doe concedes there is no cause of action for what is pleaded as Count Two: a claim for arbitrary and capricious decision making. *Id*. Dismissal is warranted because Doe's allegations for Count Two (and Count One for that matter), are too vague to provide Notre Dame notice of his claims. *See e.g., Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) (dismissing claim under Rule 12(b)(6) because "Brooks's allegations are too vague to provide notice to defendants of the contours of his § 1983 due process claim."). The Complaint fails to give Notre Dame fair notice of Doe's newly alleged legal theory of a purported breach of the implied covenant of good faith and fair dealing. *Kyle v. Morton High Sch.,* 144 F.3d 448, 456 (7th Cir. 1998) ("Our case law is replete with examples of complaints which omit the factual basis of a claim, and therefore, fail to give fair notice of the grounds the claim rests upon.").

***Third***, even if the Court entertained Doe's newly alleged claim, the Complaint still fails to state a claim for the implied breach of the covenant of good faith and fair dealing. Doe cites *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002) for the proposition that the "Seventh Circuit has long recognized that Indiana imposes an implied duty on contracting parties not to act in a way that destroys the other party's right to receive the benefits of the agreement", but that case applies Illinois law, not Indiana law.[3] (ECF 24 at 15). "Indiana does not recognize an implied duty of good faith and fair dealing in *every* contractual setting; instead, the state courts have recognized

[3] Notably this is the only case that Doe cites in support of his argument that Count Two somehow pleads a claim for breach of the implied covenant of good faith and fair dealing, and it applies Illinois, not Indiana law.

an implied covenant of good faith in the context of employment contracts, insurance contracts, and certain other limited circumstances—for example, when one counterparty stands in a fiduciary, superior, or special relationship to the other." *Perron on behalf of Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 856 (7th Cir. 2017) (emphasis in original). Doe fails to identify any authority supporting the existence of a claim asserted by a student against a university for a breach of the implied duty of good faith and fair dealing under Indiana law.

***Fourth***, even if the Court were to accept Doe's newly asserted claim in the Opposition (which it should not), this claim would fail because it is duplicative of the breach of contract claim and not pleaded in the alternative. *See Haldar v. Univ. of Notre Dame du Lac*, No. 3:24-CV-836-CCB-SJF, 2025 WL 2773317, at *9 (N.D. Ind. Sept. 29, 2025) (dismissing separate breach of good faith and fair dealing claim by a professor that was "inherently part of, or subsumed into, her breach of contract claim"); *Amaya v. Brater*, 981 N.E.2d 1235, 1239 (Ind. Ct. App. 2013) (finding breach of good faith claim duplicative of breach of contract claim).

Accordingly, Count Two should be dismissed because it seeks relief tied to a non-existent cause of action, and Doe's efforts to replead it to a different cause of action are unavailing.

**c. Count One Fails as a Matter of Law (Breach of Contract Claim).**

**i. Doe failed to identify the source of the alleged promises made, or how they were communicated.**

Count One continues to suffer from a fatal pleading deficiency: Doe failed to allege facts showing the existence of an implied contract, the source of any contract terms, let alone how they were communicated to Doe. For example, without citing to any actual specific policies, Doe alleges that "Notre Dame promised, through its published policies, that disciplinary investigations would be resolved within 60 days, that students would receive adequate advisor support, and that sanctions would be proportionate to the violation." (ECF 24 at 17-18). Although the Complaint

alleges improper conduct related to a "60-day resolution policy", it fails to actually identify what policy, if any, makes a 60-day resolution promise. (ECF 1 at ¶¶ 17, 31, 48, 55; ECF 24, at 4,11). Notably, the Emergency Actions Policy (discussed further below) does not have any actual or implied contract terms related to a 60-day resolution policy.

The 60-day resolution policy is not the only alleged published policy that Doe fails to identify. The other alleged promises that the Complaint seeks to advance (advisor and dismissal related alleged policies) are equally conclusory. (ECF 1 at ¶¶ 17, 27, 31-32, 47-48, 52, 55; ECF 24 at 4, 7, 11, 17). None of the actual policies that Doe contends were breached are identified anywhere in the Complaint, and Doe fails to identify how any of these alleged policies were communicated to him and agreed to, such that they became contractual terms. Count One fails as a matter of law with these pleading deficiencies.

The Court in *Thompson v. Trustees of Ind. Univ.*, Case No. 1:23-cv-02094-TWP-MKK, 2025 WL 26672, *10 (S.D. Ind. Jan. 3, 2025) granted a motion to dismiss a student's breach of contract claims against Indiana University that, like Doe's claim here, failed to identify the source of the alleged promises:

> The allegations in the Second Amended Complaint are insufficient to establish that IU entered into a contract with Thompson from which the university's breach can be plausibly inferred. Although the Second Amended Complaint identifies twelve contractual promises, it fails to identify *where* these contractual promises are located. Thompson's failure to identify the source of these promises is fatal to her claim.

*Id*. at *10 (internal citations omitted).

The Seventh Circuit ruled similarly in *Charleston v. Bd. of Trs. of Univ. of Illinois at Chicago*, 741 F.3d 769, 773 (7th Cir. 2013) when it affirmed the lower court's dismissal pursuant to Rule 12(b)(6) of a student's due process claims against their medical school related to the student's dismissal. The Seventh Circuit held:

> Instead, the student's complaint must be specific about the source of this implied contract, the exact promises the university made to the student, and the promises the student made in return. *See id.* at 603–04. Charleston maintains that he met this standard. Having reviewed his complaint closely, we disagree. **All that his complaint alleges is that Charleston's dismissal was in violation of the university's "Student Disciplinary Policy" and "University Statutes." Charleston does not** describe the specific promises that the university made to him through its disciplinary policy, nor does he **identify these "University Statutes" and their contents**.

*Id*. (emphasis added).

*Doe v. Butler Univ.,* is also instructive as to why Doe's breach of contract claim fails as a matter of law:

> Because "[t]he terms of the contract ... are rarely delineated," **a student must "point to an identifiable contractual promise** that the defendant failed to honor," Generally, a university's "catalogues, bulletins, circulars, and regulations [that are] made available to the matriculant become part of the contract." But only the "specific promise[s]" contained therein constitute the terms of the contract. A university's expressions of intent, hope, and desire, on the other hand, are unenforceable and do not become part of a student's contract with the school.

696 F. Supp. 3d 520, 526 (S.D. Ind. 2023) (internal citations omitted) (alterations in original).

Cases where student plaintiffs adequately stated claims for implied breach of contract against a university share common allegations that are entirely missing from Doe's Complaint, namely, allegations that identify the source of the alleged implied contract terms and how they were communicated to the plaintiff. *See e.g., Trustees. of Indiana Univ. v. Spiegel*, 186 N.E.3d 1151, 1159 (Ind. Ct. App. 2022) ("In their complaints, the Plaintiffs relied on statements on the Universities' websites and in the Universities' marketing materials, handbooks, course catalogs, and syllabi in alleging that the Universities impliedly promised to provide in-person instruction, services, and activities."); *Suszka*, 2026 WL 1469560, at *3 (listing seven categories of materials referenced in the Complaint that support the existence of an implied contract with Notre Dame, such as content on specific websites, undergraduate bulletin references, admissions papers, promotional materials and more); *Gociman v. Loyola Univ. of Chicago*, 41

F.4th 873, 884 (7th Cir. 2022) (plaintiff sufficiently identified the source of an implied contract to provide in-person instruction when the complaint pointed to university catalogs, registration portals, and different charges for online versus on-campus programs); *see also Allen v. Butler University*, No. 1:22-cv-01828-SEB-MG, 2024 WL 3637518, at *7 (S.D. Ind. Aug. 2, 2024) ("Generally, the specific promises found in 'a university's catalogues, bulletins, circulars, and regulations that are made available to its students become part of the contract.'") (quoting *Chang v. Purdue Univ.*, 985 N.E.2d 35, 46 (Ind. Ct. App. 2013)).

Here, the Complaint lacks any allegations like the ones described above, and no documents or policies are identified as the source of the alleged contractual promises that Doe alleges that were breached. "[A] student must point to an identifiable contractual promise that the defendant failed to honor." *Gociman*, 41 F.4th at 883–84. That means "the student's complaint must be specific about the source of the implied contract, the ***exact promises the university made to the student***, and the promises the student made in return." *Id.* at 884 (emphasis added) (quotation omitted)*; see also Delisle v. McKendree Univ.,* 73 F.4th 523, 525 (7th Cir. 2023) ("So for a student to make out a valid breach-of-contract claim against their university, they must point to an identifiable contractual promise, as opposed to an implied promise of educational quality, that the university failed to honor.") (cleaned up).

On the same day Notre Dame filed its motion to dismiss in this case, the Court denied a motion to dismiss filed by Notre Dame in *Suszka v. Univ. of Notre Dame du Lac*, a class action case involving Notre Dame's decision to transition to remote education during the Covid-19 pandemic. No. 3:25-CV-626-CCB-SJF, 2026 WL 1469560 (N.D. Ind. May 26, 2026). This case is distinguishable from *Suszka* in several respects. ***First***, unlike the breach of contract claim in *Suszka* which concerns an alleged contract for in-person education during the Covid-19 pandemic,

the breach of contract claim in this case concerns matters of academic discipline. Thus, as explained *infra* at 10-12, Doe's claim is subject to a heighted bad faith standard. ***Second***, the *Suszka* plaintiff explicitly identified the source of the alleged contractual promises and how they were communicated to the plaintiff, pointing to promotional materials, bulletin references, and specific website posts. But here, Doe fails to identify both the source of any promises that Notre Dame made, and how they were communicated. (ECF 24 at 7-8).

Count One should be dismissed because it contains conclusory allegations only about alleged contractual promises, without identifying any actual terms or how they were communicated to Doe, or agreed to by the parties. (*See e.g.,* ECF 1 at ¶¶ 26-27, 32, 47, 52 (unidentified alleged policies and procedures); ECF 24 at 7-8, 17 (same)).

**ii. The bad-faith standard applies at the pleading phase, not just merits.**

Contrary to Doe's contentions, he was required to plead claims showing that Notre Dame acted in bad faith. Bad faith in this context means "the conscious doing of a wrong because of dishonest purpose or moral obliquity"—it is "not simply bad judgment or negligence." *Gordon v. Purdue Univ.*, 862 N.E.2d 1244, 1251-52 (Ind. Ct. App. 2007). In *Doe*, the court rejected an equivalent argument that Doe attempts here regarding bad faith purportedly being a merits based standard that is supposedly not required at the pleading phase. (ECF 24 at 7-8). That contention is not supported by law:

> Rather, Indiana courts—and federal courts sitting in diversity applying Indiana law—do not treat academic and non-academic discipline differently. *See*, *e.g.*, *Chang*, 985 N.E.2d at 47 n.2; *Doe*, 2020 WL 2474483, at *8 (student accused of violating university sexual misconduct policy **must show bad faith)**; *Doe v. Indiana University – Bloomington*, No. 1:18-CV-03713-TWP-MJD, 2019 WL 341760, at *7 (S.D. Ind. Jan. 28, 2019) (reciting bad faith element in breach-of-contract claim against university). As a federal court exercising diversity jurisdiction over this case, our place is not to define the contours of state law. Whatever merit Mr. Doe's argument may have in other jurisdictions, **we are bound to apply Indiana state law, not create it. Under Indiana law, bad faith is an**

> **element of a breach-of-contract claim against a university. *Amaya*, 981 N.E.2d at 1240.**

*Doe*, 696 F. Supp. 3d at 529 (emphasis added); *see also Sung Park v. Indiana Univ. Sch. of Dentistry*, 692 F.3d 828, 831 (7th Cir. 2012) (upholding dismissal of complaint for failure to adequately plead bad faith).

The *Thompson* and *Gordon* decisions also make the applicability of this bad faith standard clear. In *Thompson*, the court affirmed that plaintiff must "***allege*** facts to support a conclusion that the university acted 'illegally, arbitrarily, capriciously, or in bad faith.'" *Thompson*, 2025 WL 26672, *9 (emphasis added) (citations omitted). In *Thompson*, because the student plaintiff failed to identify the actual contractual promises allegedly breached by the university (Doe fails at this too), the Court dismissed the breach of contract claim pursuant to Rule 12(b)(6). The only reason the *Thompson* court did not analyze the bad faith element of a breach of contract claim at the dismissal phase was "[b]ecause the Second Amended Complaint fail[ed] to identify the contractual promise breached by IU, there [wa]s no need to proceed to step two and discuss whether IU acted in bad faith. *Id*. at *10. And *Gordon v. Purdue Univ.*, 862 N.E.2d 1244, 1247–53 (Ind. Ct. App. 2007), remains applicable despite Doe's effort to distinguish it on the ground that it addressed, in part, a motion for leave to amend. (ECF 24 at 12.) That distinction does not matter. In assessing whether amendment would be futile, the *Gordon* court, like here, evaluated whether the proposed allegations were sufficient to state a breach of contract claim. The court ultimately held that Gordon failed "to allege that defendant had an obligation to educate him and in bad faith refused to do so." *Id*. at 1248-49. The proposed second amended complaint "also did not contain allegations of 'the conscious doing of a wrong because of dishonest purpose or moral obliquity' or 'a state of mind affirmatively operating with furtive design or will.'" *Id*. (citation omitted).

Like Indiana, Illinois law also requires pleading a bad faith element for student breach of contract claims against a university, and the Seventh Circuit has affirmed dismissals of claims that failed to plead bad faith. *See e.g., Gash v. Rosalind Franklin Univ.,* 117 F.4th 957, 968 (7th Cir. 2024) ("The facts alleged in Gash's amended complaint do not support his assertion that the university arbitrarily or capriciously carried out its policy or acted without a rational basis. As this court has stated, '[t]he burden on [plaintiff] is high. To find in his favor we must find that [the university] did not exercise its academic judgment at all, instead acting arbitrarily or in bad faith in its treatment of plaintiff.'") (alterations in original) (internal citations omitted).

This Court has also found that "[n]ot every departure from a school policy constitutes a breach of contract claim; [a plaintiff student] must plead sufficient facts to show that Notre Dame acted arbitrarily or in bad faith." *Daniels v. Univ. of Notre Dame*, No. 3:22-CV-698-RLM-JEM, 2023 WL 12117036, at *6 (N.D. Ind. Aug. 25, 2023). However, unlike this case, the plaintiff in *Daniels* was able to plead plausible allegations that Notre Dame acted arbitrarily or in bad faith because the plaintiff alleged multiple examples of alleged arbitrary enforcement of university policies. *Id*. *Daniels* is also distinguishable from this case because among other things, the plaintiff in *Daniels* identified specific policies that were allegedly breached. *See id.*

Thus, although "[a]t the dismissal stage of litigation, it is enough for the plaintiff to 'plead facts that plausibly imply that the defendant acted arbitrarily, capriciously, or in bad faith,'" the Complaint's allegations fail to meet this threshold. *Doe,* 696 F. Supp. 3d at 527 (internal citations omitted); *see also Charleston*, 741 F.3d at 773 (affirming dismissal of complaint when plaintiff failed to identify "University Statutes" and their contents).

**iii. The Emergency Actions Policy is not the only policy at issue, though it is the only policy potentially identified by Doe; Notre Dame satisfied its terms.**

Doe mischaracterizes the import of the Emergency Actions Policy in his Opposition. This policy matters for two central reasons. ***First***, although Doe pleads that his dismissal allegedly breached more than one published policy, the Emergency Actions Policy is the only concrete policy actually referenced in the Complaint, and none of the other published policies and procedures that Doe alleges were breached are identified. *See e.g.*, ECF 1 at ¶ 27. ***Second***, the plain language of the Emergency Actions Policy and the pleaded allegations confirm that: (1) Notre Dame adhered to its terms, and (2) the Emergency Actions Policy is ***not*** the source of the majority of the alleged policies and procedures that Doe alleges that Notre Dame breached.

It is undisputed that Doe was initially dismissed with the opportunity to apply for readmission because of his felony charges pursuant to the Emergency Actions Policy. Under the Emergency Actions Policy, a dismissed student must actually seek readmission if the student wishes to attempt to return to Notre Dame. (Whether that readmission would be permitted is also governed by other processes that Plaintiff does not affirmatively identify (and seems to intentionally ignore despite being well aware of them)). However, the Complaint does not contain **any** allegations about Doe seeking readmission to the University. The word readmission is not even present in the Complaint. Doe cannot sufficiently allege that Notre Dame violated the Emergency Actions Policy when he does not even plead allegations demonstrating that following his dismissal, he ever actually sought readmission to the University. (ECF 20-4 at 2-3). With respect to the Emergency Actions Policy, absent allegations that Doe sought readmission, none of Doe's allegations support that Notre Dame's decision was arbitrary or capricious, or made in bad faith. To the contrary, the allegations and the plain language of the Emergency Actions Policy confirm that Notre Dame "substantially followed its published procedures for dismissal." *See Amaya*, 981 N.E.2d at 1241.

Further, although Doe contends that Notre Dame allegedly breached published policies and procedures that somehow provide him with rights related to a 60-day resolution process and an advisor, the Emergency Actions Policy does not contain any terms whatsoever related to these allegations. The absence of such terms in the Emergency Actions Policy underscores Doe's failure to state a breach of contract claim, because he seeks relief tied to alleged contractual promises that the Emergency Actions Policy does not make.

**d. Doe's promissory estoppel claim still fails as a matter of law (Count Three).**

Doe's promissory estoppel claim (Count Three), fails for the same reasons identified in Notre Dame's opening brief. (ECF 21 at 21-24). Once again, Doe cites to *188 LLC,* 300 F.3d at 736 to support a supposed standard of promissory estoppel under Indiana law, *see* ECF 24 at 17, but that case applies Illinois law, not Indiana law. Doe failed to provide any authority contrary to the standard that "Indiana law has been clear that an implied contract exists between student and university, and there isn't an instance in which a court applying Indiana law recognized a promissory estoppel claim in this context." *Daniels,* 2023 WL 12117036, at *7.

In addition, Count Three fails as a matter of law because the Complaint lacks sufficiently particular allegations about the nature of the alleged promises made. "[A] claim of promissory estoppel must be pled with particularity." *Norwest Bank, N.A. v. Federal Kemper Life Ins. Co*., 110 F.Supp.2d 774, 778 (N.D. Ind. 2000); *see also Bee Window, Inc. v. Turman*, 716 N.E.2d 498, 501–02 (Ind. Ct. App. 1999) (dismissing promissory estoppel claim for failure to allege facts with particularity).

Moreover, Doe elected not to plead Count Three in the alternative. *CoMentis, Inc. v. Purdue Rsch. Found.,* 765 F. Supp. 2d 1092, 1098 (N.D. Ind. 2011) ("As a general matter, a party may plead breach of an express contract, breach of an implied contract, and promissory estoppel in the alternative, even though the claims are inconsistent. With that said, a claim for breach of an

implied contract may not proceed in the alternative where the parties have an express contract that covers the same subject matter.") (citations omitted). For these reasons, Count Three is subject to dismissal.

**e. The Court should disregard additional red herring arguments made in the Opposition.**

**i. Doe cannot use his Opposition to assert a new constitutional claim.**

Doe's Opposition also attempts to plead for the first time some sort of alleged constitutional violation. (ECF 24 at 13-14). The Court should disregard these allegations because they were raised for the first time in the Opposition. *See supra* at 4*; Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr.,* 631 F.3d at 448 (plaintiff cannot amend claims in a response brief). Moreover, "[n]either the Supreme Court nor the Seventh Circuit has held that there is a constitutional right to continued enrollment in a post-secondary education program." *Park v. Indiana Univ. Sch. of Dentistry,* 781 F. Supp. 2d 783, 787 (S.D. Ind. 2011). Additionally, Doe concedes that the Administrative Procedure Act is not implicated by his claims, and that Notre Dame is a private university, and therefore not a state actor. (ECF 24 at p. 14-15). As such, no constitutional claims can prevail.

## III. Conclusion

It is well-established that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)). For the reasons set forth above and in Notre Dame's opening brief, Doe's Complaint has not shown that he is entitled to relief. Accordingly, Notre Dame respectfully requests that the Court dismiss the Complaint with prejudice, and that the Court grant all other relief at equity and law consistent with this disposition.

Dated: July 2, 2026

Respectfully submitted,

*/s/ Brian E. Casey*
BARNES & THORNBURG LLP
Brian E. Casey (#24939-71)
brian.casey@btlaw.com
Chisara Ezie-Boncoeur (#37251-71)
cezie@btlaw.com
201 S. Main St., Suite 400
South Bend, IN 46601-2130
Direct: (574) 237-1273
Facsimile: (574) 237-1125

*Attorneys for Defendant*
*University of Notre Dame du Lac*

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing was served on all counsel of record via the Court's electronic filing System on the 2nd day of July, 2026.

*/s/ Brian E. Casey*
Brian E. Casey